# IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHAPTER 13 PLAN

Check:    **( x ) Original**    ( ) Amended Pre-Confirmation    ( ) Modified Post-Confirmation

IN RE:    **William Brian Macklin**              CASE NUMBER :
**Karen Ann Macklin**
Debtors

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of **$786.00** on a ( )weekly; **( x )bi-weekly**; ( )semi-monthly; or ( )monthly basis over a **term of** ( )36; **( x )60 months** by ( )direct pay or **( x )wage order** . If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions.  Debtor(s) shall commence plan payments not later than 30 days from the date of filing of the plan; provided, however, debtors shall make a full month of plan payments within 30 days from the filing if the plan provides for the payment of filing fees, adequate protection payments and/or secured creditor payments.

2. **TAX REFUNDS.** In addition to the plan payments in Paragraph 1, debtor(s)' tax refunds and/or earned income credits shall be paid into the plan as follows: ( )none; ( )all: or, in excess of ( )$500, ( )$1,000.00, **( x )$1,500.00**. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund; provided, however, debtor(s) shall remit the required tax refund monies directly to the Trustee, if not intercepted. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, debtor to supply affidavit from non-filing spouse necessary for tax refund distribution herein.

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan.  Debtor(s)' shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties.  Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor proof of full coverage insurance and maintain the same so long as debtor shall retain possession of said property.

4. **PRIORITY AND ADMINISTRATIVE EXPENSES.** Such expenses under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(b) paid in full in deferred cash payments.

    a)    Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of **$3,000.00**, less **$1250.00** previously paid by the debtor(s).

    b)    **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

    **c)**    **Domestic support obligation claims** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations.  11 U.S.C. §507 (a)(1)(B) domestic support obligations which have been assigned to a governmental unit and may be paid less than 100% in the event this is a five year plan providing for all of debtor(s) projected disposable income; and, these specific assigned obligations are identified and shall be paid by the Trustee as follows:

    **N/A**

1

5. **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be made timely. In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return. Failure to comply with any of these provisions, may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **SECURED CREDITOR CLAIMS** shall be filed and administered in accordance with applicable Federal Rules of Bankruptcy Procedure, including but not limited to Rules 3001 and 3002.1. Per Local Bankruptcy rule 3001-1 (a) and (b), all creditors asserting a security interest in property of the debtor(s) and/or estate must, prior to the meeting of creditors, file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the plan proposes to pay the claim by the Trustee or directly by the debtor(s). Claims are subject to objection if they are not property documented and/or perfected regardless of confirmed plan treatment. Claims filed as secured but not given a secured treatment hereinafter shall be paid as unsecured.

7. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured:

   **Covington Credit**

8. **SECURED CLAIMS PAID BY THIRD PARTY.** The Trustee shall make no payments on the following secured claims which shall be paid outside the plan by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless specifically disallowed herein.

   | **Creditor:** | **Collateral:** | **Designated Individual:** |
   |---|---|---|
   | **N/A** | | |

9. **SURRENDERED REAL OR PERSONAL PROPERTY.** The debtor(s) surrenders the following collateral for sale/foreclosure by the secured creditor, and, unless noted otherwise, shall file and be paid an amended deficiency claim which shall relate back to a <u>timely</u> filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

   | **Creditor:** | **Collateral:** |
   |---|---|
   | **N/A** | |

10. **LONG TERM SECURED PERSONAL PROPERTY LIEN(S):** A long-term personal property lien claim (mobile homes or vehicles extending beyond plan term) exists in favor of _____. The secured creditor shall be paid a monthly maintenance installment per the claim, but said installment is estimated to be **$_____** per month; and the estimated arrearage is **$_____** which shall be paid in full per the claim in monthly installments of **$_____** at _____**%** interest. This claim shall be paid **( )** by the Trustee; or **( )** direct by the debtor(s). The lien shall survive the plan.

11. **SECURED PERSONAL PROPERTY CLAIMS:** The holders of the following secured liens shall be paid the secured amount, interest rate and monthly payment over the plan term. Any portion of the allowed claim exceeding the specified amount shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b)
discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable non-bankruptcy law. Secured creditors eligible under 11 U.S.C. 1326(a)(1)(C) for pre-confirmation adequate protection payments shall be paid $50.00 a month until confirmation upon tendering the Trustee with an adequate protection order.

3:14-bk-32746

| Creditor | Collateral | Amount or Value | Payment | Interest Rate |
|---|---|---|---|---|
| Ford Motor Credit | 2013 Ford Transit Van | $23084.75 | $450.00 | 6% |
| Citizens | pontoon boat | $4500.00 | $90.00 | 6% |
| Freedom Road Financial | 2008 Harley Davidson | $10630.41 | $210.00 | 6% |
| Springleaf Financial | 2001 Ford Mustang | $5999.44 | $120.00 | 6% |
| Title Max | 2001 Dodge Intrepid | $743.14 | $15.00 | 6% |
| UT Federal Credit Union | 2008 Isuzu Ascender | $1260.00 | $25.00 | 6% |

12. **MORTGAGE CLAIMS:** Mortgage lien holders shall file claims per applicable Federal Rules of Bankruptcy Procedure (FRBP), including but without limitation, Rules 3001 and/or 3002.1. Claims shall be administered and paid by the Trustee in accordance with said rules, absent objection. Mortgage creditors receiving maintenance installments hereunder shall be paid the monthly mortgage installment payment per the claim; and, the pre-petition mortgage arrearage claim amount shall be paid in equal monthly installments over the life of the plan unless a greater amount is specified.  Creditors filing mortgage claims secured by debtor's principal residence shall file; Mortgage Proof of Claim Attachment B10 (Attachment A); Notice of Mortgage Payment Changes on form B10 (Supplement 1); and Notice of Post-Petition Mortgage Fees, Expenses and Charges on form B10 (Supplement 2).  The Trustee shall pay any Notice of Payment Change filed per FRBP Rule 3002.1(b) as of its effective date, absent or until resolution of any objection to the same. The Trustee shall pay any Notice of Post-Petition Mortgage Fees, Expenses and Charges filed per FRBP Rule 3002.1(c), absent or until resolution of an objection or motion filed per FRBP 3002.1(e) to determine the validity of the fees, expenses and charges.

   (A)  **PRINCIPAL RESIDENCE SECURED MORTGAGE(S) PER (11 U.S.C. §1322(b)(5)):** The debtor(s) own principal residential real property located at _____ is subject to a **first mortgage** lien in favor of _____ whose estimated monthly mortgage payment is **$**_____; and the estimated pre-petition mortgage arrearage is **$**_____, which shall be paid in monthly installments of **$**_____ at **0%** interest. This mortgage shall be paid **(    )**by the Trustee; or **(    )**direct by the debtor(s). The foregoing lien shall survive the plan.

   The debtor(s) have a **second mortgage** lien in favor of _____ whose estimated monthly mortgage payment is **$**_____; and the estimated pre-petition mortgage arrearage is **$**_____ which shall be paid in monthly installments of **$**_____ at **0%** interest.  This mortgage shall be paid **(    )**by the Trustee; or **(    )**direct by the debtor(s). The foregoing lien shall survive the plan.

   (B)  **SECURED LONG-TERM MORTGAGE(S) OTHER THAN PRINCIPAL RESIDENCE:**  The debtor(s) own real property located at _____ which is subject to a **first mortgage** lien in favor of _____ whose estimated monthly mortgage payment is **$**_____; and the estimated pre-petition mortgage arrearage is **$**_____, which shall be paid in monthly installments of **$**_____ at **0%** interest. This mortgage shall be paid **(    )**by the Trustee; or **(    )**direct by the debtor(s). The foregoing lien shall survive the plan.

   The debtor(s) have a **second mortgage** lien in favor of _____ whose estimated monthly mortgage payment is **$**_____; and the estimated pre-petition mortgage arrearage is **$**_____ which shall be paid in monthly installments of **$**_____ at **0%** interest.  This mortgage shall be paid **(    )**by the Trustee; or **(    )**direct by the debtor(s). The foregoing lien shall survive the plan.

    **(C)**   **STRIPPED MORTGAGE(S)/JUDGMENT LIEN(S):** The debtor(s) own real property located at _____ which is subject to a mortgage or judgment lien in favor of _____. This lien is not subject to any discharge exception, but is wholly unsecured and, is therefore avoided, stripped down and paid as a non-priority, unsecured creditor as provided for under this plan; and, the lien released by the creditor not later than 30 days after the completion of the plan and discharge of the debtor(s).

    **(D)**   **MORTGAGE(S)/JUDGMENT LIEN(S) TO BE PAID IN FULL OVER PLAN TERM:** The debtor(s) own real property located at _____, which is subject to a mortgage and/or judgment lien in favor of _____. The claim balance is estimated at **$_____**, however, the actual principal balance per the claim shall be paid in full over the plan term in monthly installments of **$_____** at **0%** interest. The lien shall be released by the creditor not later than 30 days after completion of the plan and discharge of the debtor(s).

**13.**   **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: : **( )0%;    ( )1%-5%;    ( )6%-20%; ( )21% -70%;    ( x )71% - 100%;    or    ( )100%**

**14.**   **COSIGNED DEBT.** The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for the full protection of co-debtor(s):

| **Creditor:** | **Approximate Balance:** | **Monthly Payment** |
|---|---|---|
| **N/A** | | |

**15.**   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured:

    **US Cellular**

**16.**   **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

**17.**   **SPECIAL PROVISIONS:**

**Wife's 401(k) loan to be paid outside the plan by debtor. No payments to be made by trustee. The debtor's ( )weekly; ( x )biweekly; ( )semi-monthly; ( )monthly plan payment shall increase (step-up) by $130.00, thereby bringing debtor's ( )weekly; ( x )biweekly; ( )semi-monthly; ( )monthly plan payment to $916.00, beginning in 9/2018 due to completion/pay off of wife's debtor's 401(k) loan.**

<u>August 26, 2014</u>         <u> /s/  William Brian Macklin</u>
Date

                                  <u> /s/ Karen Ann Macklin</u>

                                  Debtors.

/s/ FREDERICK W. HOETHKE, ESQ.
FREDERICK W. HOETHKE, ESQ.
# 026145
SAFFA LAW GROUP, PLLC
Debtor's Attorney
320 N. Cedar Bluff Road
Suite 203
Knoxville, TN 37923
(865) 470-7771
**rick@saffalawgroup.com**